# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FLINT MILLION, | Civil File No.: 13-CV-3033 |
| Plaintiff, | |
| vs. | **ANSWER** |
| HEALTHEAST CARE SYSTEM, a Minnesota nonprofit corporation,, | |
| Defendant. | |

**COMES NOW** the Defendant HealthEast Care System for its Answer to Plaintiff's Complaint states and alleges as follows:

1. Denies each and every matter and thing contained in said Complaint except that which is admitted, qualified or otherwise answered.

2. Admits that HealthEast Care System operates a website which is located at www.healtheast.org.

3. Specifically denies that Plaintiff ever complained or otherwise notified HealthEast of any concerns regarding the HealthEast website.

4. Specifically denies the allegations in ¶ 5 of the Complaint that HealthEast ever received letters dated July 25, 2013 or August 21, 2013 from Plaintiff and further denies that Plaintiff ever made a telephone call to anyone at HealthEast on August 19, 2013 alleging accessibility barriers within the HealthEast website.

5. Alleges that jurisdiction and venue are appropriate in the United States District Court in the District of Minnesota pursuant to 28 U.S.C. § 1441.

6.      Alleges that Plaintiff Flint Million is not, and has never been a patient at HealthEast and further alleges that this answering Defendant is unable to admit or deny information regarding the citizenship or residency of Plaintiff Flint Million or any information regarding Plaintiff's physical condition.

7.      Admits that HealthEast Care System is a Minnesota nonprofit corporation with its principal place of business located in the City of St. Paul, Minnesota and that HealthEast Care System owns and operates St. Joseph's Hospital which is located at 45 W. 10th Street, St. Paul, Minnesota 55102.

8.      Admits that the Americans with Disabilities Act which is codified at 42 U.S.C. § 12101 *et seq.* was signed into law by President George H. W. Bush and that it prohibits discrimination in activities and facilities of places of public accommodation but alleges that the HealthEast website is not a "public accommodation" as is defined by the Americans with Disabilities Act.

9.      With respect to Plaintiff's medical condition or his computer usage, this answering Defendant lacks sufficient information to admit or deny the allegations alleged in the Complaint on those issues but states that there is no evidence that Plaintiff ever attempted to contact anyone at HealthEast to express concerns about the operation of its website.

10.     Alleges that the website located at www.healtheast.org is not discriminatory nor does it violate the Americans with Disabilties Act.

11.     Alleges that the HealthEast website located at www.healtheast.org does not impose pervasive or unreasonable barriers to access of the HealthEast website.

12. Specifically denies that the website located at www.healtheast.org has caused injury or created accessibility barriers and further denies that the website located at www.healtheast.org has precluded Plaintiff or others from utilizing the website.

13. With respect to the First Cause of Action set forth in Plaintiff's Complaint, HealthEast denies that its website violates the Americans with Disabilities Act.

14. With respect to the First Cause of Action, denies that the HealthEast website is a "place of public accommodation" under the meaning of the Americans with Disabilities Act.

15. Alleges that injunctive relief is not appropriate, warranted nor legally justified in this case.

16. With respect to Plaintiff's Second Cause of Action, HealthEast alleges that the provisions of the Minnesota Human Rights Act do not apply to the website located at www.healtheast.org because the website does not constitute a "place of public accommodation" as required by the Minnesota Human Rights Act.

17. Specifically denies that the HealthEast website located at www.healtheast.org constitutes an unfair discriminatory practice or a violation of the Minnesota Human Rights Act.

18. Specifically denies that a civil penalty or a cease and desist order as contemplated by the Minnesota Human Rights Act is justified, reasonable or legally warranted with respect to the website located at www.healtheast.org.

19. Alleges that Plaintiff has not suffered any damages associated with the website located at www.healtheast.org.

20. Alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

21. Alleges that neither an injunction, damages, civil penalty nor costs and attorney's fees are justified or legally appropriate with respect to the HealthEast website.

22. Alleges that HealthEast has not discriminated against, impaired or otherwise acted in a legally deficient or unreasonable manner with respect to its website.

WHEREFORE, HealthEast prays that the Court take the following course of action:

1. Dismissing Plaintiff's Complaint in its entirety;

2. Denying Plaintiff's request for any form of injunctive relief;

3. Denying Plaintiff's request that HealthEast pay a civil penalty;

4. Denying Plaintiff's efforts to recover damages;

5. Denying Plaintiff's request for an award of attorney's fees, litigation expenses or costs;

6. Declaring that HealthEast's website located at www.healtheast.org complies with applicable state and federal laws;

7. Awarding HealthEast costs, disbursements and reasonable attorney's fees in connection with this case; and

8. Awarding HealthEast any other remedy the Court deems just and proper.

**BASSFORD REMELE**
*A Professional Association*

Date: November 5, 2013        By /s/ Mark R. Whitmore
                              Mark R. Whitmore (License #232439)
                              33 South Sixth Street, Suite 3800
                              Minneapolis, Minnesota  55402-3707
                              Telephone:   (612) 333-3000
                              Facsimile:    (612) 333-8829
                              mwhitmore@bassford.com

                              Attorneys for Defendant HealthEast Care System